UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ACOSTA,

                Petitioner,

- v. -

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

12 Cr. 224 (PGG)
17 Civ. 915 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On September 27, 2013, pro se petitioner Carlos Acosta pled guilty to (1) conspiring to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846 and 841(b)(1)(A); and (2) distributing and possessing with the intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  (Plea Tr. (Dkt. No. 58); (S1) Indictment (Dkt. No. 11) (Counts One and Three))[1]  The first count carries a mandatory minimum sentence of ten years' imprisonment.  (Sentencing Tr. (Dkt. No. 78) at 3-4) see 21 U.S.C. § 841(b)(1)(A).  On May 29, 2014, this Court sentenced Petitioner to 121 months' imprisonment.  (Sentencing Tr. (Dkt. No. 78))

        Acosta has filed two petitions seeking reductions in his sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2).  (Feb. 6, 2017 Pet. (Dkt. No. 80); June 13, 2017 Pet. (Dkt. No. 81))  Liberally construed, Acosta's petitions contend that:

(1) his sentence should be reduced pursuant to Amendment 782 to the Sentencing Guidelines, which lowered the penalties for many drug offenses;

---

[1] Unless otherwise indicated, docket citations are to the docket in 12 Cr. 224 (PGG).  Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

    (2) the Bureau of Prisons ("BOP") wrongfully denied Acosta entry into its residential drug abuse treatment program ("RDAP"), pursuant to which inmates can become eligible for sentence reductions;[2]

    (3) he is entitled to some unspecified relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Supreme Court ruled that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), is unconstitutionally vague.

For the reasons set forth below, Acosta's petitions will be denied.

## BACKGROUND

On September 27, 2013, Acosta pled guilty before Magistrate Judge Frank Maas to Count One of (S1) Indictment 12 Cr 224 – which charges him with conspiring to distribute and possess with intent to distribute one kilogram and more of heroin – and to Count Three of that indictment – which charges him with distributing and possessing with the intent to distribute oxycodone. (Plea Tr. (Dkt. No 58); (S1) Indictment (Dkt. No. 11)) Acosta pled guilty pursuant to a plea agreement with the Government. (Plea Tr. (Dkt. No 58) at 8-9)

In the plea agreement, the parties stipulated to the following calculations under the Sentencing Guidelines: Acosta's offense involves 2.8 kilograms of heroin and 153.2 grams of oxycodone, which is the equivalent of 3,826.44 kilograms of marijuana, and which corresponds with a base offense level of 34 under U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(3). (Presentence Investigation Report ("PSR") ¶ 8) A two-level enhancement applies under U.S.S.G. § 3B1.1(a), because Acosta was the leader or organizer of the offense. (<u>Id.</u>) Acosta is eligible for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). (<u>Id.</u>) These calculations result in a stipulated total offense level of 33. (<u>Id.</u>) The parties further agreed that Acosta falls into Criminal History Category II, and that the applicable

---

[2] "RDAP is the [BOP's] most intensive treatment program. . . . Offenders live in a unit separate from general population; they participate in half-day programming and half-day work, school, or vocational activities. RDAP is typically nine months in duration." <u>Substance Abuse Treatment</u>, BUREAU OF PRISONS, www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp.

Sentencing Guidelines range is 151 to 188 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment. (Id.; Plea Tr. (Dkt. No. 58) at 6-7, 15)

During the Rule 11 allocution, Judge Maas confirmed with Acosta that he understood that Count One carries a mandatory minimum sentence of 10 years' imprisonment:

> THE COURT:  Do you understand that on Count[] One . . . , you face a maximum sentence of life in prison and a mandatory minimum sentence of ten years in prison?
>
> THE DEFENDANT:  Yes.

(Plea Tr. (Dkt. No. 58) at 6-7)  On April 9, 2014, this Court accepted Acosta's guilty plea. (Order (Dkt. No. 66))

The U.S. Probation Office subsequently prepared a PSR that contains the same Sentencing Guidelines calculations that the parties stipulated to in the plea agreement. (PSR ¶¶ 17-44, 69)

In Acosta's May 12, 2014 sentencing submission, he requests "a non-Guideline[s] sentence of 120 months['] incarceration, the mandatory minimum term." (May 12, 2014 Def. Sentencing Ltr. (Dkt. No. 72) at 2)  Acosta also seeks a "2-level reduction in his Total Offense level pursuant to the approved, but not yet implemented Guideline[s] changes for narcotics crimes."[3]  (Id.)

Sentencing took place on May 29, 2014.  (Sentencing Tr. (Dkt. No. 78))  At sentencing, the Court calculated Acosta's Guidelines range consistent with the plea agreement

---

[3] "On April 10, 2014, the United States Sentencing Commission voted to reduce the sentencing guideline levels for drug trafficking sentences." United States v. Rivas, 26 F. Supp. 3d 1082, 1124 n.5 (D.N.M. 2014).  The proposed amendment "reduc[ed] many of the offense levels in the Drug Quantity Table in § 2D1.1 by two levels." United States v. Muhammad, No. 12-CR-337 (ADS), 2020 WL 978814, at *2 (E.D.N.Y. Feb. 28, 2020).  These changes were transmitted to Congress on May 1, 2014, and were set to become effective on November 1, 2014, unless Congress acted to disapprove them. (Sentencing Tr. (Dkt. No. 78) at 13)  The amendment in fact became effective on November 1, 2014. See Muhammad, 2020 WL 978814, at *2.

and the PSR.  (Id. at 6)  The Government stated that it would not object to a two-level downward variance based upon the anticipated amendment to the Guidelines – what became Amendment 782.  (Id. at 4)  The Government's agreement to the two-level downward variance was conditioned on Acosta agreeing not to seek a modification of his sentence under the amendment after it became effective.  (Id.)  Acosta's counsel, B. Alan Seidler, agreed to this condition:

> THE COURT:  Let me inquire of Mr. Seidler.  Mr. Seidler, in the event that I accept your argument for a downward variance of two levels, which would take Mr. Acosta's sentence down to a sentencing range of 121 to 151 months, do you agree not to raise any arguments with respect to the sentencing commission's amendment later on?
>
> MR. SEIDLER:  Yes, sir.  Because it has been granted now rather than later.

(Id. at 4-5)

The Court gave Acosta the benefit of the proposed amendment by adopting a two-level downward variance, which yielded a Guidelines range of 121 to 151 months' imprisonment (instead of 151 to 188 months' imprisonment).  (Id. at 13)  The Court imposed a sentence of 121 months, which was at the bottom of the Guidelines range resulting from the two-level downward variance.  (Id. at 13-14, 16)

Judgment was entered on June 18, 2014.  (Dkt. No. 77)  Acosta did not file a direct appeal.  Accordingly, the judgment became final fourteen days later, on July 2, 2014.  Fed. R. App. P. 4(b) (requiring a notice of appeal to be filed within fourteen days); see Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

On July 18, 2014, the U.S. Department of Homeland Security issued an "Immigration Detainer" concerning Acosta.  (Oct. 20, 2015 Pet Ltr. (Dkt. No. 80) at 6)

On February 6, 2017, and June 13, 2017, Acosta submitted pro se petitions seeking a reduction in his sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). (Feb. 6, 2017 Pet. (Dkt. No. 80); June 13, 2017 Pet. (Dkt. No. 81)) The petitions are largely unintelligible and incoherent, but liberally construed they appear to raise the following points:

First, Acosta seeks a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines, which became effective on November 1, 2014 (six months after his sentencing). (See Feb. 6, 2017 Pet. (Dkt. No. 80) at 1 (referencing 18 U.S.C. § 3282(c)(2), U.S.S.G. § 1B1.10,[4] and Amendment 782); June 13, 2017 Pet. (Dkt. No. 81) at 1 (same))

Second, Acosta complains that the BOP has denied him entry into its RDAP drug treatment program on account of his "immigration status." (June 13, 2017 Pet. (Dkt. No. 81) at 2-3 (referencing "RDAP" and complaining about "lack of eligibility for . . . drug [treatment] program based on . . . immigration status")) Inmates who complete RDAP become eligible for sentence reductions "not to exceed twelve months." 28 C.F.R. § 550.55(a)(2); see also 18 U.S.C. 3621(e)(2)(B).

Third, Acosta seeks unspecified relief under Johnson v. United States, 135 S. Ct. 2551 (2015) (see Feb. 6, 2017 Pet. (Dkt. No. 80) at 2), which "held that the so-called 'residual clause' of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), violated due process." Whitley v. United States, No. 04 CR. 1381 (NRB), 2020 WL 1940897, at *3 (S.D.N.Y. Apr. 22, 2020) (citing Johnson, 135 S. Ct. at 2551)).

The Government opposes Acosta's petitions, arguing that they were filed outside Section 2255's one-year statute of limitations and are thus untimely. (Govt. Opp. (Dkt. No. 85)

---

[4] See U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).").

5

at 13) (citing 28 U.S.C. § 2255(f))  The Government also argues that the petitions should be denied on the merits because (1) the Court gave Acosta the benefit of Amendment 782 at sentencing; (2) inmates with immigration detainers are ineligible for early release through the RDAP program and courts have repeatedly upheld this policy; and (3) Johnson has no bearing on Acosta's case, because he was not charged with, or sentenced under, the Armed Career Criminal Act.  (Id. at 14-18)

## DISCUSSION

### I. LEGAL STANDARDS

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a [Federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence . . . is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence."  28 U.S.C. § 2255(a).  "Relief under section 2255 is available only 'for constitutional error, lack of jurisdiction, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'"  Rosa v. United States, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2001) (quoting Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)).

A district court need not hold an evidentiary hearing concerning a Section 2255 petition where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "To warrant a hearing, the movant 'must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief.'"  Mann v. United States, 16 Civ. 7556 (KPF), 2016 WL 5900174, at *7 (S.D.N.Y. Oct. 11, 2016) (quoting Gonzalez v.

United States, 722 F.3d 118, 131 (2d Cir. 2013)).  However, "[a] court need not . . . credit [a petitioner's] factual assertions [where they are] contradicted by evidence in the record of the underlying proceeding," and where the judge responsible for "the underlying proceedings also presides over a § 2255 motion, a full-blown evidentiary hearing may not be necessary."  Id. (internal quotation marks and citations omitted).

"Motions under Section 2255 are subject to a one-year statute of limitations that runs from" one of four "possible dates."  Nunez v. United States, 954 F.3d 465, 469 (2d Cir. 2020); see 28 U.S.C. § 2255(f)(1)-(4).  Here, since Acosta "has not argued that any of the other three dates are applicable – and the Court does not find them to be – the only relevant date that triggers the running of the clock . . . is 'the date on which the judgment of conviction becomes final.'"  United States v. Jude, No. 15 CR. 355 (JFK), 2019 WL 3500284, at *6 (S.D.N.Y. Aug. 1, 2019) (quoting 28 U.S.C. § 2255(f)(1)); see also Mattera v. United States, No. 12-CR-127 (RJS), 2020 WL 774103, at *2 (S.D.N.Y. Feb. 18, 2020) ("Generally, the statute of limitations runs from the date on which the judgment of conviction becomes final.").

## II.     ANALYSIS

### A.     Statute of Limitations

Acosta's judgment became final on July 2, 2014, and he did not file his initial petition until February 6, 2017 – more than two and a half years later.  (Judgment (Dkt. No. 77); Feb. 6, 2017 Pet. (Dkt. No. 80))  Because Acosta waited more than a year to file a petition, he is barred from seeking relief under Section 2255.  See King v. United States, No. 10-CR-122 (JGK), 2017 WL 1483337, at *10 (S.D.N.Y. Apr. 25, 2017) ("The petitioner filed the Petition . . . over one year after the applicable one-year limitations period had ended. . . . Therefore, the Petition is time-barred under Section 2255."); Perez v. United States, No. 04 CR. 937-1 NRB,

2015 WL 3413596, at *3 (S.D.N.Y. May 28, 2015) ("Perez's judgment of conviction . . . became final . . . on December 28, 2009. . . . Perez's petition, which he mailed from prison on January 24, 2014, came more than three years too late.").[5]

### B.     Merits

Acosta's claims are, in any event, patently meritless.

#### 1.     Sentence Reduction Based on Amendment 782

Acosta appears to request a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. (June 13, 2017 Pet. (Dkt. No. 81) at 1) As discussed above, Acosta received the full benefit of this amendment – prior to its effective date – at sentencing, and he waived his right to seek relief under this amendment in the future. (Sentencing Tr. (Dkt. No. 78) at 4-5); see, e.g., Barrett v. United States, No. 13 CIV. 5275 (RMB), 2015 WL 3778804, at *2 (S.D.N.Y. June 15, 2015) ("Petitioner was not entitled to seek relief under 18 U.S.C. § 3582(c) because he had expressly waived that right"); United States v. Watson, No. 10 CR 910 (JSR), 2013 WL 6504393, at *2 (S.D.N.Y. Dec. 11, 2013) (finding that petitioner "waived his right to seek a modification of his sentence under 18 U.S.C. § 3582(c)"); United States v. Shi Hui Sun, No. 09 CR 778 KBF, 2013 WL 1947282, at *3 (S.D.N.Y. May 8, 2013) ("A defendant's waiver of the right to challenge his or her sentence through . . . a collateral attack (including a petition under 28 U.S.C. § 2255) is presumptively enforceable.").

---

[5] Although Section 2255 petitioners may overcome the statute of limitations bar where they assert a basis for equitable tolling or make a credible showing of actual innocence, Acosta has invoked neither exception, and this Court sees no basis for their application. See United States v. Flower, No. 5:14-CR-108-GWC-1, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Given that [petitioner's Section 2255 petition] is barred by the statute of limitations . . . , to obtain relief she must establish that she is either actually innocent of her conviction or that she is entitled to equitable tolling of the statute of limitations.").

Even if the Court were to overlook the waiver, however, Acosta would not be entitled to relief. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . . , the court may reduce the term of imprisonment. . . ." 18 U.S.C. § 3582(c)(2). "A reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. §3582(c)(2)[, however,] if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). Thus, "for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing." United States v. Sanchez, 99 F. Supp. 3d 457, 459 (S.D.N.Y. 2015).

Even though Amendment 782 was not yet in effect, the Court gave Acosta the benefit of the amendment at sentencing and applied a Guidelines range of 121 to 151 months' imprisonment, rather than the 151 to 188 month range applicable under the pre-amendment Guidelines. (Sentencing Tr. (Dkt. No. 78) at 13) The Court then sentenced Acosta to 121 months' imprisonment – the bottom of the adjusted range. Because Acosta has already benefitted from Amendment 782, no further relief is available to him. See Jesus v. United States, No. 13 CR. 438-01 (KPF), 2016 WL 2742409, at *7 (S.D.N.Y. May 10, 2016) ("[Petitioner filed . . . motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) . . . predicated on the passage of Amendment 782. . . . The Court denied each motion . . . [because] the Court already considered the reduced Guidelines range in sentencing Defendant. . . .") (internal quotation marks omitted); Lopez v. United States, No. 13-CR-788 (KMW), 2017 WL 1424324, at *1 (S.D.N.Y. Apr. 20, 2017) ("Petitioner filed a motion pursuant to Title 18, United States Code, Section 3582(c)(2), seeking the same Amendment 782 reduction he had been given at

sentencing. . . . Because Petitioner had already benefitted from the Amendment, the Court denied the motion.").

### 2.     RDAP Eligibility

Acosta appears to complain that BOP denied him entry into RDAP because of his "immigration status," and the fact that an immigration detainer has been lodged against him. (June 13, 2017 Pet. (Dkt. No. 81) at 2; Feb. 6, 2017 Pet. (Dkt. No. 80) at 6)  As noted above, inmates who complete RDAP may have their sentences reduced by as much as one year.  See 18 U.S.C. 3621(e)(2)(B); 28 C.F.R. § 550.55(a)(2).  By regulation, however, inmates subject to immigration detainers are ineligible for early release through RDAP or otherwise, see 28 C.F.R. § 550.55(b)(1), and courts have repeatedly upheld the constitutionality of this policy.  See Martinez-Castillo v. United States, No. 16-CR-368 (NSR), 2019 WL 3451129, at *3 (S.D.N.Y. July 30, 2019) (rejecting "claim[] that [petitioner's] immigration status is preventing him from participating in . . . RDAP, which he believes could potentially grant him an early release," because BOP has discretion over which inmates are granted early release through RDAP, and therefore "exclusion from RDAP does not implicate a [due process] liberty interest"); Mendez v. United States, No. 02 CR.745 (RPP), 2009 WL 4857490, at *2-3 (S.D.N.Y. Dec. 11, 2009) ("BOP['s] practice of denying prisoners with immigration detainers access to RDAPs does not violate the equal protection guarantee of the Fifth Amendment to the U.S. Constitution.").  Accordingly, Acosta's ineligibility for RDAP does not entitle him to relief.

### 3.     Relief under *Johnson*

Finally, Acosta appears to seek relief under Johnson, in which the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), unconstitutional.  See Clayton v. United States, No. 10-CR-772 (JGK), 2020 WL 1989395, at *2

("Johnson . . . held that one of the definitions of 'violent felony' in the Armed Career Criminal Act was unconstitutionally vague, namely the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), which defines 'violent felony' as 'any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.'") (citing Johnson, 135 S. Ct. at 2551)  Because Petitioner was not charged or sentenced under the Armed Career Criminal Act, Petitioner's reliance on Johnson is misplaced.

## CONCLUSION

For the reasons stated above, the petitions (Dkt. Nos. 80 and 81 in 12 Cr. 224 and Dkt. No. 1 in 17 Civ. 915) are denied.  The Clerk of Court is directed to terminate the petitions and to close Case No. 17 Civ. 915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Government is directed to serve a copy of this Order on pro se Petitioner and to file proof of service on the docket within seven days.

Dated: New York, New York
       May 2, 2020

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

11